460

# CIRCUIT COURT OF LOUDOUN COUNTY

Martin Baumgart et al.

v.

Charmaine Jewell et al.

v.

Thomas R. Fioramonti

August 12, 2009

Case No. (Civil) 48678

BY JUDGE JAMES H. CHAMBLIN

In December 2008, I disqualified myself when a motion was filed to add Thomas H. Delashmut, Trustee, as a party to this litigation. I prepared a Disqualification, which I signed on December 4, 2008, and a Waiver of Disqualification for execution by the following: Martin Baumgart, Plaintiff, Counter-Defendant; Martine Hartogensis, Plaintiff, Counter-Defendant; Counsel for Plaintiff; Charmaine Jewell, Defendant, Counter-Plaintiff, Third-Party Plaintiff, both individually and as Trustee of the Charmaine Bainum Jewell Trust; Counsel for Charmaine Jewell, individually and as Trustee of the Charmaine Bainum Jewell Trust; Thomas R. Fioramonti, Third-Party Defendant; Betty Fioramonti, Third-Party Defendant; Counsel for Thomas R. Fioramonti and Betty Fioramonti; James J. Hogan, Third-Party Defendant; Kathleen C. Hogan, Third-Party Defendant; Counsel for James J. Hogan and Kathleen C. Hogan. All of the above signed the Waiver in December 2008, and I proceeded to preside over this case through the trial on July 1 and 2, 2009, after which I took it under advisement.

Within the last few days, as I started to work on deciding the issues involved, I realized for the first time that not all the parties to this litigation have executed the Waiver of Disqualification.

The following parties have not signed the waiver: Third-Party defendants, Joseph E. Kranz and Pamela R. Kranz, served by posting on July 14, 2008, but who have never appeared in the case; Thomas W. Steele, Trustee for Navy Federal Credit Union, served through the Secretary of the Commonwealth in November 2008, but who has never appeared in the case; Joan C. Cox, Trustee for Navy Federal Credit Union, served personally on July 8, 2008, but who has never appeared in the case; BB&T-VA Collateral Service Corp., Trustee for BB&T, served July 8, 2008, who filed an Answer on August 11, 2008; C. Carroll Laycock, Jr., Trustee for Farm Credit of the Virginias, served personally July 7, 2008, who filed an Answer on August 11, 2008; Arch A. Moore, III, Trustee for Middleburg Bank, served personally on July 21, 2008, but who has never appeared in the case; Samuel I. White, P.C., Trustee for Countrywide Home Loans, Inc., served personally on July 7, 2008, and again on November 26, 2008, who filed an Answer on December 18, 2008.

I disqualified myself pursuant to Canon 3(E)(1) of the Canons of Judicial Conduct for the State of Virginia, which provides, in pertinent part, that a "judge shall disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned. . . ."

Canon 3(F) provides:

> F. *Remittal of Disqualification.* A judge who may be disqualified by the terms of Section 3E may ask the parties and their lawyers to consider, out of the presence of the judge, whether to waive disqualification. If following disclosure of any basis for disqualification other than personal bias or prejudice concerning a party, *the parties and lawyers,* without participation by the judge, *all* agree that the judge should not be disqualified, and the judge is then willing to participate, the judge may participate in the proceeding. Written evidence of the agreement shall be incorporated in the record of the proceeding.

(Emphasis supplied.)

Any disqualification must be waived by all the parties and lawyers. Because all the parties and lawyers have not agreed to waive my disqualification, I am disqualified in this case. The effect is that everything I did after I disqualified myself on December 4, 2008, is a nullity.

I am unable to do anything further in this case until the problems created by my disqualification are resolved, if they can be resolved.

Because even a defendant in default may have some late recourse, I do not think that a defendant waives a judge's disqualification merely because he or she is in default. This is further supported by the requirement of Canon 3(F) that *all* parties and lawyers must agree to a waiver.

I have no explanation for not realizing this when I disqualified myself in December 2008. I just plain made a mistake, and I cannot ignore it because the case has now been tried.

In order to give counsel a reasonable opportunity to respond to this situation, I will not take any action as I suggested above by order or otherwise until after September 1, 2009.